LILLIAN SCHMIDT, PROSECUTOR, v. MAYOR AND COUNCIL OF THE BOROUGH OF CARLSTADT, A MUNICIPAL CORPORATION IN THE COUNTY OF BERGEN AND STATE OF NEW JERSEY, ET AL., DEFENDANTS.

Submitted May 2, 1944—Decided July 13, 1944.

Before Justices CASE, BODINE and PORTER.

For the prosecutor, *Carmen M. Belli.*

For the defendants, *Chandless, Weller & Kramer* (*Ralph W. Chandless,* of counsel).

The opinion of the court was delivered by

PORTER, J. The prosecutor, Lillian Schmidt, was appointed on January 13th, 1941, by the local assistance board (hereinafter called board) of the Borough of Carlstadt as welfare director at a salary of $300 a year. It appears that the work of the board has very materially decreased and that in the opinion of a majority of the board its existence is no longer necessary and its functions could more economically be performed by local charitable organizations. No action, however, has been taken by the mayor and council in furtherance of the suggestion made to them that the board be abolished. The mayor and council reduced the prosecutor's salary to $250 a year on February 10th, 1943, although the board recommended that it be continued at $300. On January 10th, 1944, the board submitted the names of the prosecutor and Elsie Marc for appointment to the position of welfare director at the prevailing salary of $250. On January 12th, 1944, the mayor and council appointed Elsie Marc to that position and on February 23d, 1944, fixed her salary at $250 a year.

The prosecutor contends that her position as welfare director may not be terminated until five years after her appointment, namely January 13th, 1946, and that in any event the

power of appointment is vested in the board and not in the mayor and council. It is conceded by the defendants that the power to appoint is in the board. *R. S.* 44:8–36. On January 26th, 1944, the board designated Elsie Marc "to take over until the decision of the borough attorney to clear the matter." This action, we think, constituted a temporary appointment of Elsie Marc, unless the prosecutor had a fixed term which had not expired. This question will be considered later.

The prosecutor seeks either a writ of *certiorari* or a writ of *mandamus* in order to review the action of the board and the mayor and council in preventing her "from carrying out her duties as director of welfare and in interfering with her right to exercise the duties of said office and enjoying the emoluments thereof." The rule restrains the defendants from any interference with the performance of her duties.

The facts are not in dispute, and it seems to us that but two questions are presented. *First:* Whether the prosecutor had a five year term of office. *Second:* Whether the municipality may on the ground of economy abolish the local assistance board and provide for the administration of public assistance by civic and charitable organizations for such time as may be practicable.

When the prosecutor was appointed by the board on January 13th, 1941, it was under authority of chapter 130, *Pamph. L.* 1940, which gave the board power to appoint but did not provide for any stated term. Under this appointment the prosecutor held office for an indefinite term at the will of the board. By chapter 132, *Pamph. L.* 1941, this statute was amended by providing that the director of welfare shall hold office for a term of five years. In the absence of a reappointment after the effective date of this amendment, we think the status of prosecutor remained unchanged. The act did not provide for the extension of terms of office of directors then in office. A statute should be construed prospectively, unless the legislature clearly showed its intention that it be retrospective in effect. *Burdett* v. *Municipal Employees of Newark,* 129 *N. J. L.* 70. As stated, Elsie Marc was legally appointed by the board temporarily on January 26th, 1944.

There seems to be no authority for more than one director. Therefore, by this appointment the services of prosecutor were terminated as of that date.

The remaining question is whether the statute *R. S.* 44:8–36 *supra* makes it mandatory on every municipality to create and maintain local assistance boards. We think it does. The pertinent language of the statute is that "every municipality shall provide public assistance to the persons eligible thereto residing in said municipality" and that "There *shall* be appointed in each municipality a local assistance board * * *." *Cf. Morgan* v. *Mayor and Council of Roselle Park,* 129 *N. J. L.* 233; *Laidlaw* v. *Board of Commissioners of Town of West Orange,* 122 *Id.* 133.

The application for either a writ of *certiorari* or *mandamus* will be denied and the rule dismissed, but without costs.